## CASE OF THE LIMITED TAG.

### *In re* KEW OCK, on *Habeas Corpus*

*(Circuit Court, D. California.* September 22, 1884.)

CHINESE IMMIGRATION — CUSTOM-HOUSE "TAG" — CERTIFICATE — CHINESE LABORER.

The only evidence of the right of a Chinese laborer who left the United States after the passage of the act of 1882 to re-enter this country is the certificate provided in the act; and the fact that he had a "tag" entitling him to such a certificate, but that the collector took up such "tag" and failed to give him a certificate therefor, will not entitle him to re-enter.

On *Habeas Corpus.*

*T. D. Riordan* and *L. I. Mowry,* for petitioner.

*S. G. Hilborn* and *Carroll Cook,* for the United States.

Before FIELD, Justice, and SAWYER, HOFFMAN, and SABIN, JJ.

FIELD, Justice. The petitioner in this case is also a Chinese laborer, who was a resident of the United States on the seventeenth of November, 1880, and until the twenty-first of June, 1883, when he departed for China. Previous to his departure he applied to the collector of the port of San Francisco for a certificate under the restriction act, to enable him to return to the United States, stating that he wished to leave on the City of Tokio. After the usual examination and registry, he received from the collector the white tag generally

given in such cases, entitling him to a certificate stating that he was to leave on the steamer named, which sailed the thirty-first of May, 1883. Subsequently, but prior to the leaving of the steamer, he concluded to delay his departure until the next steamer, which left on the fifteenth of June. On that day he went on board this last steamer, and demanded of the collector present a certificate in exchange for his tag. The collector refused the certificate, as the tag called for one stating that he was to leave on the City of Tokio, and not on the one then about to depart. He also took from the petitioner the tag given to him. The petitioner accordingly left on the steamer City of New York without any certificate, and now claims a right to re-enter the United States by virtue of his old tag, and the certificate to which that entitled him, and invokes the order of the court for his relief.

The court cannot help the petitioner. As the tag received only called for a certificate stating that he was to leave on the steamer City of Tokio, he could not, by virtue of it, claim a certificate stating that he was to leave by another steamer. He should have returned the tag to the collector, and asked for one giving him a right to a new certificate, stating his intention to leave by a different steamer. Not having done so, and having left without any certificate, he is in the same position he would have been had he departed without any attempt to obtain one.

The law of 1884 makes the certificate to the Chinese laborer· "*the only evidence permissible to establish his right of re-entry,*" and the court cannot, therefore, listen to any tale of his supposed grievances. As stated in the *Case of the Unused Tag, ante,* 701, the remedy, if he have any, must come from the officers in Washington who have control over the collector. The court has no jurisdiction to supervise his action towards the petitioner, and direct the specific performance of any neglected duty to him.

Writ discharged, and petitioner remanded.

SAWYER, J. In this case, in my judgment, the rights of the petitioner must be determined by the restriction act of 1882, which was in force at the time of his departure. But whether governed by the original act, or the act as amended in 1884, the result is the same; for, under either, the certificate provided for in the act is the only evidence permissible to establish his right of re-entry, and he had neither certificate. There is no dispensing power conferred upon the courts. See my views on this point expressed in the *Case of Ah Kee, ante,* 701, just decided, and also the views of Mr. Justice FIELD upon the point in the same case.

I concur in the order remanding him.